UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dion Marcel Burris,
 Petitioner,

-v-

Jack Kowalski,
 Respondent.

No. 1:18-cv-90

HONORABLE PAUL L. MALONEY

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 25, 2018, Petitioner Dion Marcel Burris filed a Petition under 28 U.S.C. § 2254 seeking relief from a state conviction. (ECF No. 1.) The magistrate judge conducted an initial screening and issued an R & R on March 8, 2018, recommending that the petition be denied as time-barred. (ECF No. 6.) The matter is now before the Court for de novo review of Petitioner's timely objections to the R & R. (ECF No. 7.)

### Statement of Facts

Petitioner does not object to the magistrate judge's statement of facts, so the Court adopts the facts presented by the R & R.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which

objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Petitioner pleaded guilty in Kalamazoo County Circuit Court to one count of third-degree criminal sexual conduct in exchange for a sentence at the low end of the sentencing guidelines. On December 15, 2014, the state circuit court imposed a sentence of 84 months to 30 years' imprisonment. At sentencing, Petitioner attempted to withdraw his guilty plea, but was denied the opportunity by the trial court. On appeal, Petitioner had two appointed counsel, but each time, the attorney filed a motion to vacate the appointment after finding no colorable issue for appeal. The state court declined to appoint a third attorney, and Petitioner filed no direct appeal.

Petitioner then filed a motion for relief from the judgment with the circuit court on April 15, 2016. The circuit court denied the motion, and Petitioner sought rehearing, which

was denied on August 18, 2016. He appealed this decision to the Michigan Court of Appeals and Michigan Supreme Court, and the case remained pending until the Michigan Supreme Court denied leave to appeal on September 12, 2017.

Petitioner filed the instant petition on January 23, 2018. It was received by the Court on January 25, 2018. Whichever the date of filing, Petitioner's application is barred by the one-year statute of limitations, as the magistrate judge concluded. 28 U.S.C. § 2244(d)(1)(A).

The magistrate judge concluded that "[b]ecause Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired). Thus, Petitioner had one year from June 15, 2015 to file his § 2254 petition, absent tolling.

But Petitioner's clock was tolled while his motion for relief from the judgment was pending—beginning on April 15, 2016. It remained tolled until the Michigan Supreme Court denied leave to appeal on September 12, 2017. The clock began running again at that time with sixty-one days remaining, and it expired on November 13, 2017. Thus, Petitioner's application was not timely, even after accounting for tolling, because Petitioner did not file it until January of 2018.

In his supplemental objections, Petitioner asserts that he filed for reconsideration from the Michigan Supreme Court. (ECF No. 9.) However, the motion was denied as untimely on October 11, 2017. Petitioner's subsequent attempts to his motion for reconsideration reexamined by the Supreme Court did not toll his habeas clock. Thus, even

was denied on August 18, 2016. He appealed this decision to the Michigan Court of Appeals and Michigan Supreme Court, and the case remained pending until the Michigan Supreme Court denied leave to appeal on September 12, 2017.

Petitioner filed the instant petition on January 23, 2018. It was received by the Court on January 25, 2018. Whichever the date of filing, Petitioner's application is barred by the one-year statute of limitations, as the magistrate judge concluded. 28 U.S.C. § 2244(d)(1)(A).

The magistrate judge concluded that "[b]ecause Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired). Thus, Petitioner had one year from June 15, 2015 to file his § 2254 petition, absent tolling.

But Petitioner's clock was tolled while his motion for relief from the judgment was pending—beginning on April 15, 2016. It remained tolled until the Michigan Supreme Court denied leave to appeal on September 12, 2017. The clock began running again at that time with sixty-one days remaining, and it expired on November 13, 2017. Thus, Petitioner's application was not timely, even after accounting for tolling, because Petitioner did not file it until January of 2018.

In his supplemental objections, Petitioner asserts that he filed for reconsideration from the Michigan Supreme Court. (ECF No. 9.) However, the motion was denied as untimely on October 11, 2017. Petitioner's subsequent attempts to his motion for reconsideration reexamined by the Supreme Court did not toll his habeas clock. Thus, even

if Petitioner's clock began running on October 11, 2017, he still did not file within the one-year period provided by AEDPA.

The magistrate judge also concluded that Petitioner had not shown that he was entitled to equitable tolling. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

In his objections, Petitioner mentions equitable tolling and actual innocence but has not proffered any facts or evidence that would support his conclusion. Nor has he provided any argument to that effect. (ECF No. 7.) While Petitioner continues to assert that he received ineffective assistance of counsel at the appellate phase of his state criminal case, and that his plea was made involuntarily, he has not explained how or why equitable tolling or actual innocence would apply to his habeas petition.

Thus, the Court will **OVERRULE** Petitioner's objections (ECF No. 7) and **ADOPT** the magistrate judge's Report and Recommendation as the Opinion of the Court. (ECF No. 6.) Petitioner's petition (ECF No. 1) is **DENIED.** The Court will enter judgment separately.

### Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.

*Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists could not find it debatable whether Petitioner's application was timely. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**Date:** May 31, 2018  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge